**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GATES CORPORATION<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CONTINENTAL AG,<br>CONTITECH AG,<br>CONTITECH NORTH AMERICA, INC.,<br>CONTITECH USA, INC.<br><br>　　　　Defendants. | Civil Action No._____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Gates Corporation ("Gates") by and through its undersigned counsel brings this Complaint against Defendants Continental AG ("Continental"), ContiTech AG ("ContiTech"), ContiTech North America, Inc. ("ContiTech NA"), and ContiTech USA, Inc. ("ContiTech USA") (collectively "Defendants") alleging infringement of U.S. Patent No. 7,254,934 ("the '934 Patent").

**INTRODUCTION**

1.　　This is an action for patent infringement, damages and injunctive relief under the United States patent laws, 35 U.S.C. § 271 *et seq.* Gates, the world's leading manufacturer of power transmission belts and a premier global manufacturer of fluid power products, owns the exclusive rights to the novel transmission belt with improved load carrying cords embodied in the '934 Patent. Defendants, without authorization from Gates, makes, uses, offers for sale, sells and/or imports products that infringe upon Gates' patented technology

1

## PARTIES

2. Gates is a Delaware corporation with its principal place of business at 1144 15th Street, Suite 1400, Denver, Colorado 80202. Gates' products are sold globally and are used in diverse industrial and automotive applications. Gates has over 15,000 employees in its over 120 locations in 30 countries.

3. Gates Corporation is a prominent innovator of power transmission solutions. Gates's technology is used in numerous industries including agriculture, automotive, manufacturing, industrial equipment, HVAC equipment, recreational vehicles, and trucking. Gates is continually investing in research and development to improve its technology for its customers. Gates also invests in protecting the intellectual property it develops.

4. Defendant Continental AG is a German corporation, with is principal place of business in Hannover, Germany. Continental manufactures, sells and imports transmission belts. At all times relevant to this lawsuit, Continental offered for sale, sold, distributed and/or imported infringing products to customers throughout the United States and elsewhere. Continental AG may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

5. Defendant ContiTech AG is a German corporation, with its principal place of business in Hannover, Germany. ContiTech manufactures, sells and imports transmission belts. ContiTech is a subsidiary of Continental. At all times relevant to this lawsuit, ContiTech offered for sale, sold, distributed and/or imported infringing products to customers throughout the United States and elsewhere. ContiTech AG may be served with process pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

6. Defendant ContiTech North America, Inc. ("ContiTech NA") is a corporation incorporated under the laws of the State of Delaware with a place of business in the United

States at 703 S. Cleveland Massillon Road, Fairlawn OH, 44333.  ContiTech NA is a wholly owned subsidiary of ContiTech.  ContiTech NA may be served with process through its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

7. Defendant ContiTech USA, Inc. ("ContiTech USA") is a corporation incorporated under the laws of the State of Delaware with a place of business in the United States at 703 S. Cleveland Massillon Road, Fairlawn OH, 44333.  ContiTech USA is a wholly owned subsidiary of ContiTech.  ContiTech USA may be served with process through its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

8. Defendants do business in the United States, including the offer for sale, sale, distribution and/or importation of products infringing the '934 Patent as promoted on Defendants' website at https://www.continental-industry.com/en-gl/TopNavi/Company/ContiTech-Division/Location-Profiles/USA (last accessed July 17, 2019).  A printout from Defendants' website is attached thereto as **Exhibit 1.**

## JURISDICTION AND VENUE

9. This action arises under the United States Patent Act.  This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over the Defendants.  Defendants have established minimum contacts with the United States as a whole such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.  Defendants have purposefully directed activities at the United States—in particular, directing and importing accused transmission belts for sale to distributers and end customers within the United States (including within this District) and engaging in sales and marketing efforts to generate and support such sales.  The claims for infringement arise out of, or relate to, those activities.

11. Defendants conduct continuous and systematic business in the United States including, upon information and belief, in this judicial District. For example Defendants have marketed, offered for sale, sold and/or imported products for at least the past five years throughout the United States including, upon information and belief, within this judicial District.

12. Venue is proper in this District because the domestic entities are incorporated under the laws of the State of Delaware and conduct business activities in this judicial District. Venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). Two of the Defendants are foreign corporations.

## INFRINGEMENT OF THE PATENT-IN-SUIT

13. On March 24, 2005, Patent Application No. 11/088,602 ("the '602 Application") was filed with the United States Patent and Trademark Office ("USPTO") to protect the invention of Shawn Xiang Wu entitled "ENDLESS BELT WITH IMPROVED LOAD CARRYING CORD."

14. On August 14, 2007, the USPTO issued United States Patent No. 7,254,934 B2. The '934 Patent has been duly examined and is presumed valid and enforceable.

15. Ownership of the invention disclosed and claimed in the '934 Patent has been assigned to Plaintiff by assignment recorded with the USPTO. A true and accurate copy of the '934 Patent is attached as **Exhibit 2** and incorporated herein by this reference. Plaintiff has paid all applicable fees necessary to maintain the '934 Patent as valid and enforceable.

16. Defendants and/or Defendants' respective divisions, subsidiaries and/or agents, are engaged in the business of manufacturing, importing, using, distributing, offering for sale, and selling transmission belts that infringe the '934 Patent (the "Infringing Products"). The Infringing Products include, without limitation, products marketed and sold by Defendants as Part Nos. Mopar® 05281592AA 40105C 8PK 1376 and Mopar® 05281514AA 8PK1620 40105C.

17. Mopar® 05281592AA 40105C 8PK 1376 and Mopar® 05281514AA 8PK1620 40105C belts infringe at least Claim 9 of the '934 Patent. Claim 9 of the '934 Patent, in part, describes a multi-v-ribbed belt comprising:

> an elastomeric belt body and a load carrier cord embedded in said body; said cord comprising a plurality of yarns having a first twist corresponding to a first twist multiplier and a first twist direction, and having a second twist corresponding to a second twist multiplier in a direction opposite said first twist direction; … the ratio of said first twist multiplier to said second twist multiplier is greater than about 1.5.

18. The Infringing Product features comprise a load carrying cord embedded in an endless rubber belt body – in particular, the load carrying cord of each Infringing Product comprises a plurality of yarns having a first twist corresponding to a first twist multiplier and a first twist direct, and the cord has a second twist corresponding to a second twist multiplier in a direction opposite the first twist direction, where the ratio of the first twist multiplier to the second twist multiplier is greater than 1.5.

19. Upon information and belief, Defendants market, offer for sale, sell, distribute, and/or import the Infringing Products throughout the United States, including in Delaware.

## COUNT I
**(Infringement of United States Patent No. 7,254,934)**

20. Plaintiff incorporates by reference as though fully set forth herein the allegations of paragraphs 1 through 19.

21. Defendants infringe, literally and/or under the doctrine of equivalents, the '934 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, distributing and/or importing the Infringing Products in the United States.

22. Defendants' infringement of the '934 Patent has caused and will continue to cause great damage to Plaintiff and is thereby entitled to an award of damages adequate to compensate

it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

23.     Due to Defendants' willful infringement of the '934 Patent, Plaintiff is also entitled to recover prejudgment interest, post-judgment interest, costs, and enhanced damages under 35 U.S.C. § 284.

24.     As a result of Defendants' infringement of the '934 Patent, Plaintiff will suffer irreparable harm and impairment of the value of its patent rights, and is now suffering the violation of its patent rights, all of which will continue unless Defendant is permanently enjoined by this Court from infringing the '934 Patent under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Gates respectfully requests the following relief:

A.     That the Court enters an Order adjudging Defendants to have infringed the Patent-in-suit under 35 U.S.C. § 271;

B.     A preliminary and permanent injunction enjoining Defendants, its respective officers, directors, agents, servants, employees, customers, and attorneys, and those persons in active concert or participation with Defendants, from infringing the Patent-in-suit in violation of 35 U.S.C. § 271, including, for example, through the manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' Part Nos. Mopar® 05281592AA 40105C 8PK 1376 and Mopar® 05281514AA 8PK1620 40105C belts, and any products that are not colorably different from these products;

C.     That Defendants account for all gains, profits, and advantages derived through Defendants' infringement of the Patent-in-suit in violation of 35 U.S.C. § 271, and that Defendants pay all damages suffered by Gates in an amount that is in no event less than a reasonable royalty;

D. An Order adjudging that this is an exceptional case;

E. An Order that Defendants' infringement is willful and a trebling of damages and/or exemplary damages because of Defendants' willful conduct pursuant to 35 U.S.C. § 284;

F. An award to Gates of the attorneys' fees, expenses, and costs incurred by Gates in connection with this action pursuant to 35 U.S.C. § 285;

G. An award of pre-judgment and post-judgment interest and costs of this action against Defendants; and,

H. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Gates demands a jury trial on all issues as triable.

Dated: July 18, 2019

OF COUNSEL:

George G. Matava
Alyssa K. Sandrowitz
Ian R. Walsworth
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
(303) 861-7760
George.Matava@lewisbrisbois.com
Alyssa.Sandrowitz@lewisbrisbois.com
Ian.Walsworth@lewisbrisbois.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (#4952)
600 N. King Street, Suite 400
P.O. Box 25130
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com

*Attorneys for Plaintiff*
*Gates Corporation*